**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Mojtaba Ramandi Fasihi,<br><br>      Petitioner,<br><br> v.<br><br>James Janecka et al.,<br><br>      Respondents. | Case No. 5:26-cv-00592-MRA-MBK<br><br>**ORDER CONVERTING TEMPORARY RESTRAINING ORDER INTO PRELIMINARY INJUNCTION** |

This habeas action was brought by Petitioner Mojtaba Ramandi Fasihi, a noncitizen who was released on bond from the Adelanto Detention Facility on December 1, 2024, then re-detained by Immigrations and Customs Enforcement ("ICE") on June 27, 2025. On February 24, 2026, the Court granted Petitioner's Ex Parte Application for a Temporary Restraining Order ("TRO") and ordered his immediate release. ECF 10. For the reasons stated below, the Court converts the TRO into a preliminary injunction.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The factual and procedural history of this case is detailed in this Court's Order Granting Petitioner's Application for a Temporary Restraining Order. ECF 10. The TRO required Respondents James Janecka, Warden of the Adelanto Detention Facility; David Marin, Field Office Director of the ICE Los Angeles Field Office; Kristi Noem, then-Secretary of the Department of Homeland Security; and Pamela Bondi, United States Attorney General (collectively, "Respondents" or the "government") to immediately

1  release Petitioner and enjoined Respondents from re-detaining Petitioner absent
2  compliance with constitutional protections, which include, at a minimum, pre-deprivation
3  notice describing the change in circumstances requiring his re-detention and a timely
4  hearing at which Respondents would bear the burden of establishing, by clear and
5  convincing evidence, that Petitioner poses a risk of flight or danger to the community. *Id.*
6  at 10.  The Court further ordered Respondents to show cause why a preliminary injunction
7  should not issue.  *Id.*  Respondents filed their response on March 3, 2026, arguing that the
8  Petition should be denied as moot because Petitioner was released on February 25, 2026.
9  ECF 11.  Respondents further argued Petitioner should either voluntarily dismiss his
10 Petition or else be required to respond to an Order to Show Cause regarding dismissal. *Id.*
11 at 3.  Petitioner filed a reply on March 4, 2026, arguing that a preliminary injunction should
12 issue because Petitioner will continue to face the threat of unlawful re-detention upon the
13 TRO's expiration absent permanent injunctive relief.  ECF 12.

## II. **DISCUSSION**

The analysis that courts must perform for temporary restraining orders and preliminary injunctions is "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 (9th Cir. 2001).  For the reasons stated in the TRO, the Court finds that Petitioner satisfies the elements for the issuance of preliminary relief.  ECF 10; *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  The government's response to the Order to Show Cause does not address the *Winter* factors.  Rather, the government argues that the Petition is moot because Petitioner has been released as ordered by the Court. ECF 11 at 2.  The Court disagrees.  A case becomes moot—and therefore no longer a "case" or "controversy" for purposes of Article III—when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013)).  "The nature of a TRO is only, as referenced in the name, temporary. Petitioner can still be unlawfully re-detained when the TRO expires, and as such, the Court can still provide Petitioner relief should that occur." *Bui v. Noem*, No. 5:25-CV-03370-

RGK-AJR, 2026 WL 353620, at *2 (C.D. Cal. Feb. 6, 2026); *see also M.V.F. v. Santacruz*, No. 2:25-CV-11700-MEMF-E, 2026 WL 127740, at *3–4 (C.D. Cal. Jan. 6, 2026); *Esmail v. Noem*, No. 2:25-CV-08325-WLH-RAO, 2025 WL 3030589, at *3 n.5 (C.D. Cal. Sept. 26, 2025); *Decyatnik v. Noem*, No. 2:25-CV-10027-AH-PD, 2026 WL 434933, at *2 (C.D. Cal. Feb. 12, 2026); *Sarkisyan v. Noem*, No. 2:26-CV-00504-SPG-ADS, 2026 WL 413638, at *3–4 (C.D. Cal. Feb. 10, 2026).

## III.  CONCLUSION

For the foregoing reasons, Plaintiff's request for a preliminary injunction is **GRANTED**.  For the duration of this action:

1. Respondents are **ENJOINED** from re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change in circumstances requiring his re-detention and a timely hearing.  At any such hearing, Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a risk of flight or danger to the community; and

2. The parties are directed to follow the orders of the Magistrate Judge with respect to further proceedings.

**IT IS SO ORDERED.**

Dated: March 6, 2026

HON. MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE